Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ District of __Maryland__

__Northern__ Division

|  |  |
|---|---|
| JACK ERIC JONES | ) |
| _____ | ) Case No. _____ |
| *Plaintiff(s)* | ) (to be filled in by the Clerk's Office) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| **-v-** | ) |
|  | ) |
| NEFTAL ARGUELA, et. al.. | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued.  If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* |  |
| *with the full list of names.  Do not include addresses here.)* |  |

FILED ____ ENTERED
____ LOGGED ____ RECEIVED

JUN 2 2 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I.      **The Parties to This Complaint**

   A.      **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

   Name _____

   All other names by which

   you have been known: _____

   ID Number _____

   Current Institution _____

   Address _____

   _____

   | City | State | Zip Code |
   |------|-------|----------|

   B.      **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

   Defendant No. 1

   Name _____

   Job or Title *(if known)* _____

   Shield Number _____

   Employer _____

   Address _____

   _____

   | City | State | Zip Code |
   |------|-------|----------|

   ☐ Individual capacity      ☐ Official capacity

   Defendant No. 2

   Name _____

   Job or Title *(if known)* _____

   Shield Number _____

   Employer _____

   Address _____

   _____

   | City | State | Zip Code |
   |------|-------|----------|

   ☐ Individual capacity      ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

    Name                SEE ATTACHED**

    Job or Title *(if known)*

    Shield Number

    Employer

    Address            ~~SEE ATTACHED~~

|     | City | State | Zip Code |
|-----|------|-------|----------|

☒☒ Individual capacity    ☒☒ Official capacity

Defendant No. 4

    Name

    Job or Title *(if known)*

    Shield Number

    Employer       N/A

    Address

|     | City | State | Zip Code |
|-----|------|-------|----------|

☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    XXX☒X State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

        WAS VIOLATED

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☐ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

C.        What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHED******

D.        What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

SEE ATTACHED**

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SEE ATTACHED**

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SEE ATTACHED****

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII.    **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes          BEFORE✶✶

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes                          NO SUCH PROCEDURE AVAILABLE

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
                               NON-APPLICABLE
☐ No

E.      If you did file a grievance:

1.    Where did you file the grievance?

_____

2.    What did you claim in your grievance?

_____

3.    What was the result, if any?

_____

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.   If you did not file a grievance:        NO PROCEDURE AVAILABLE

    1.   If there are any reasons why you did not file a grievance, state them here:

        SEE ABOVE

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

        DATA UNAVAILABLE

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

    *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   _____

Defendant(s)   _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition.   _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

NO

☐ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

IX.   **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.   **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff       JACK ERIC JONES,#476-651

Printed Name of Plaintiff    _____

Prison Identification #      _____

Prison Address       DRCF-2020 Toulson Road, Jessup, MD 20794

|  | City | State | Zip Code |
|---|---|---|---|

B.   **For Attorneys**

Date of signing: _____

Signature of Attorney        _____

Printed Name of Attorney     _____

Bar Number                   _____

Name of Law Firm             _____

Address                      _____

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number             _____

E-mail Address               _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ____ ENTERED
____ LOGGED ____ RECEIVED

JACK ERIC JONES,

      Plaintiff           ]

JUN 2 2 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

v.                    ]

CIVIL ACTION No._____

NEFTAL ARGUELA,
DETECTIVE J. PEREZ,
DETECTIVE J, CHINCHILLA,    ]
GLENARDEN POLICE DEPT.
P.G. CO. POLICE DEPT.

DATE: 6-18-23_____

      Respondents      ]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## CIVIL RIGHTS COMPLAINT WITH A JURY DENAND

Now  comes Jack ERIC JONES, pro se and pursuant to 42
U.S.C. §1983, claiming constitutional violations of his
Fourth, Fifth, Eighth and Fourteenth Amendment rights,
by Defendants under color of law, and in their official
and individual capacities causing Plaintiff to seek
**1.5 million dollars in compensatory damages and also
injunctive relief with a jury demand and states;**

1. PARTIES :

### PLAINTIFF

Mr. Jack Eric Jones,#476651 is currently confined at the
Dorsey Run Corr. Facility, 2020 Toulson Road, Jessup, MD
20794;

1. <u>PARTIES</u>:        <u>DEFENDANTS</u>:


MR. NEFTAL ARGUELA- 7919 DELLWOOD AVEBUE, GLENARDEN
                    MARYLAND  20706;


DETECTIVE J. PEREZ- #9348- GLENARDEN POLICE STATION
                    8600 GLENARDEN PARKWAY
                    GLENARDEN, MD 20706;


DETECTIVE J. CHINCHILLA-#2845 WAS A CPL. WITH THE
                    P.G. COUNTY POLICE DEPT.,  7600
                    BARLOWE ROAD, LANDOVER, MD 20785;

GLENARDEN POLICE DEPT.-8600 GLENARDEN PARKWAY, GLENARDE
                    PARKWAY, GLENARDEN, MD  20623;

PRINCE GEORGE'S COUNTY POLICE DEPT., 7600  BARLOWE
                    ROAD, LANDOVER, MD 20785;


2.     <u>JURISDICTION AND VENUE</u> :

<u>The</u> Court has jurisdiction over the Plaintiff's claims

of his rights protected by the Federal Constitution

are further protected  by 42 U.S.C. §§1331 and  1343;

The United States District Court has supplemental

Jurisdiction over the Plaintiff's State Law Tort claims

under 28 U.S.C. § 1367. Plaintiff files this federal

court complaint in the correct judicial district, or

venue, and is proper because (i) It is filed in  the

judicial District where I  reside; (ii) The action is

filed where the events give rise to the claim; (iii)

there is no other judicial district where the  claim

can otherwise be brought; <u>See</u> 28 U.S.C. §1391(b). The

provisions apply where suits against the local prison

officials are persons sued in their individual and/or

official capacitie

-2-

3.  Plaintiff  never filed any other case in State or Federal Court dealing with the same issues  or the same defendants;

4.  STATEMENT OF CLAIMS

4.(a)  Ofc. Perez intentionally falsified an "Application for Search Warrant" before Hon. Judge Pearson;

4.(b)  Judge Pearson "rubber-stamped" the Application without probable cause, permitting my vehicle to be seized;

4.(c)  Petitioner's vehicle had no core-nexus to the perpetrator's vehicle;

4.(d)  Upon my release on bail, I tried to get my vehicle yet was refused;

4.(e)  I was arrested on another charge, with no bail and despite my  truck not being connected to the crime, the vehicle was refused to be returned;

4(f)  Police knew the assault did not happen in or near the truck, and the truck was not part of the crime

4(g)  The vehicle was sold without my consent, and w/o ever having the chance to pay fees and to get it;

4.(h)  Police found no evidence in the vehicle, failed to ever justify the warrant, the place to be searched, or why the listed items were suspected to be found;

4.(i)  The HArley Davidson F-150 was valued at $100.000.00;

4.(j)  I was deprived Compulsory Process to present favorable evidence  because the police caused the vehicle to be sold in violation of law;

4.(k)  Defendants provided knowingly false information to the trial court that video evidence clearly showed me in the crime, which later was false;

4.(l)  I was deprived of my FourthAmendment property rights;

4.(m)  Defendants acted in bad faith by knowingly swearing to knowingly false facts;

-3-

4(n) In bad faith on part of defendants, favorable
     evidence was suppressed, which would have a
     impact on the outcome of the case;

4(o) Plaintiff's arrest on another charge exascerbated
     the problem by leaving the vehicle in custody
     of the impound lot, and the authority of the
     police;

4(p) Plaintiff's vehicle was sold or auctioned without
     notice to Plaintiff by police, the court, the
     impound lot, or any other party;

4.(q) When defendants swore under penalties of perjury
      that video evidence clearly implicated Plaintiff
      in the crime, and by looking at the video they
      the affiants "KNEW" that claim was false, when
      the  falsehood was shown to be blatantly false-
      they were liable for damages for violating my
      constitutional rights;

4.(r) The court contributed to the constitutional
      violations when knowing the assault had no
      type of connection to the truck, and also by
      knowing the truck had no connection to the
      crime, there was no legal basis to grant the
      police the opportunity to  seize the vehicle
      without probable cause.


***************     ******************     ************


(CONTINUED***)


-4-

4 (s) The police violated Plaintiff's constitutional rights, when in bad faith, police suppressed favorable evidence, which even the State failed to learn of it, and the defense was not given notice;

4 (t) Bad Faith is shown where exculpatory and impeachment evidence was suppressed as prohibited in BRADY and GIGLIO;

4 (u) Even when one officer withholds exculpatory evidence, relief is warranted.

4 (v) Defendants violated Plaintiff's Fourth Amendment rights;

4 (w) Defendants violated Plaintiff's due process rights under the 5th and 14th amendments;

4 (x) Defendants violated Plaintiff's 6th and 14th amendment rights;

4 (y) Plaintiff and his friend got into a disagreement, and upon backing up against the wall, Plaintiff felt threatened, and slapped his friend. The slap cost 25 years;

4 (z) Police claimed Plaintiff had a shotgun, which was never found, and the judge provided the video was "inconclusive" in that the court could not say he saw Plaintiff carrying a shotgun;

4 (aa) While police submitted knowingly false claims, under oath after the swearing and bad faith action, the video showed Plaintiff with a walking case, not a shotgun.

4 (ab) Defendant's malicious action was buttressed by the court signing all requests to search, (even without probable cause), and the court set no bond, to prevent Plaintiff's release.

4 (ac) Police defendants that knowingly and intelligently submitted false information to secure a warrant— acted in bad faith;

4 (ad) The bad faith actions of police caused mental anguish, fright, shock, embarassment, humiliation and other psychological damages;

4 (ae) Damages included embarassment and humiliation from the neighbors harassing the family, and neighbors judging plaintiff's guilt or innocence, and was so much of a problem that Plaintiff's family had to move from the entire area;

4 (af) Damages resulted and injuries proximately resulted from the defendant's conduct.

4 (ag) Defendants acted intentionally and purposefully to deprive the Plaintiff of his rights;

4 (ah) Defendants acted with reckless disregard to Plaintiff's rights;

4(ai) Defendants acted with callous disregard and indifference to Plaintiff's rights to his property, and to the right to present exculpatory evidence;

4(aj) Police defendants abused their official power, causing property losses, and crippling Plaintiff's defenses to the criminal charges;

4(ak) The judge rubber-stamped a warrant without any probable cause found within the application, or elsewhere;

4(al) Police failed to connect the dots with regard to the warrant pertaining to the truck, because the only evidence available to defendants was a second degree assault;

4(am) Police maliciously added "yeast" to knowingly false claims in support;

4(an) Police intentionally ordered evidence destroyed which was exculpatory in nature;

4(ao) Judge Pearson acted in bad faith by accepting an Application for a Warrant that lacked probable cause and blindly rubber-stamping the approval;

4(ap) Ofc. Perez acted in bad faith when intentionally submitting knowingly false averments to the court for an arrest warrant. For example, the officer claimed camera footage depicted Plaintiff holding or pointing a shotgun, that when the court reviewed the footage-the false claims turned out false;

4(aq) Perez's actions directly contributed to the loss of property, and loss of his freedom and liberty;

4(ar) The loss of freedom and liberty based upon th bad faith of the parties is cause for relief under §1983;

4(as) Perez's intentional falsification of claims made under oath was more than perjury, because Perez knew the incident involved one person being slapped, and no gun was used. Reliance upon a gun elevated the charged crime to first degree assault, upon which it would be harder to get out of prison on bond, and a warrant for the non-existent gun, and "ghost" evidence- would further deprive the Plaintiff of his rights.

4(at) The inconclusive finding of no gun on video was Case #CT-190-163X;

4(au) Since no assault occurred within the Plaintiff's vehicle, there was no core-nexus to the alleged crime and the vehicle, no probable cause existed to seize the vehicle, no probable cause existed to seize the vehicle, and keep it for the length of time it was kept;

4(av) The court abused it's discretion and acted in bad faith when allowing the police to withhold events and facts or allegations which police would swear to without any support;

4(aw) All defendants are sued in their individual and official capacities;

4(ax) Plaintiff's due process rights were violated through the abuse and actions taken to punish, and in total disregard of the law or the Plaintiff's constitutional rights;

4(ay) Defendants violated the Fourth, Fifth, Sixth, Eighth and fourteenth Amendments to the United States Constitution.

4.(az) Plaintiff worked at Andrews Air Force Base, because I was convicted of a felony. I lost not only wages, but a good job which I was working on. The damages that resulted were (1) that I could not hire counsel to represent me in my case. The reason I could not hire the an attorney, was because I was held without bond for a shotgun that was never found.

4.(aaa) As a result of 6.(az), Plaintiff lost his vehicle, costing approx. $100,000.00, lost his job, defamed Plaintiff's character, and impacted his freedom and liberty, all protected by the U.S. Constitution.

4.(aab) Plaintiff couldn't hire an attorney because Plaintiff was held without bond for a relatively minor misdemeanor. Plaintiff was held, without bail for a shotgun never proven to exist, and was never found at all.

4.(aac) Plaintiff had a claim in court concerning his back, disability and was scheduled for settlement proceedings, which had to be postponed for several years.

4.(aad) Plaintiff suffered other mental, emotional, monetary and other damages, which were a direct result of gross-negligence and bad faith actions of defendants.

4.(aae) Plaintiff was denied access to drug treatment because of defendants;

-7-

4.(aaf) The police stations sued have policy problems suitable for injunctive relief;

4.(aag) Plaintiff lost $30,000 in a Mink Coat-provided to the Bailbondsman and never returned as a collateral results of defendasnt's unconstitutional violations;

4.(aah) Mr. Neftal Arguela knowingly and intelligently provided false information with the malicious intent against the Plaintiff because of Arguela's hatred for Black Americans;

4.(aai) Mr. Arguela later admitted to have intentionally lied to police because of his hatred of niggers;

4.(aaj) Arguela made mention of support for his spanish policemen, and commented on the ethnicity of the neighborhood, i.e. having too many Blacks in it;

4/(aak) Defendants deviated from policy, regulations and the property rights when instigating, encouraging that Plaintiff's truck be sold or destroyed;

4.(aal) Both police agencies are attacked for policies surrounding the resolution of seized property, along with the callous disregard for Plaintiff's property rights;

## RELIEF SOUGHT

7

## RELIEF SOUGHT

As relief, Plaintiff seeks $1.5 Million in compensatory damages jointly and severally for emotional, mental nad psychological injuries sustained as a result of defendant's conduct initiated in bad faith; that compensatory damages include compensation for incarceration by defendants, and losses of property, -AND- that injunctive relief be awarded against the police stations based upon antiquated policy that permits the constitutional violations to flourish.

Respectfully submitted ;

*Jack Jones #476-651*
JACK JONES, #476-651
R.C.I.

18701 ROXBURY ROAD,
HAGERSTOWN, MD 21746

-&-

FOOTNOTE **1

## CLAIMS, CONT

(aam) Plaintiff owned a power washer;

(aan) The power washer was on the back of Plaintiff's truck.

(aao) The power washer had a 30-gallon tank;

(aap) The power washer was lost, destroyed, sold, etc., due to the deliberate action of the defendants as it related to the truck,

(aaq) The property rights under the Fourth amendment apply both to the truck and its contents.

(aar) The blatant disregard for Plaintiff's truck directly impacted the contents opf the truck.

(aas) Plaintiff seeks full compensatory damages for the loss of his property

## CERTIFICATE OF SERVICE

I hereby certify that copies of the 42 U.S.C. §1983
were mailed to:  Det. Perez at 8600 Glenarden
Parkway, Glenarden MD 20623;

Det. Chinchilla at: P.G. Co. Police Dept., 7600
Barlowe Rd., Landover, MD  20785;

Neftal Arguela at: 7919 Dellwood Avenue, Glenarden
Woods, MD 20706;

Glenarden Police Department 8600 Glenarden Parkway
Glenarden, MD 20623;

P.G. COUNTY POLICE DEPT.- 7600 BARLOWE ROAD
LANDOVER. MD 20785


I CERTIFY THAT THE DEFENDANTS WERE ALL MAILED THESE
PLEADINGS THE 8TH DAY OF DECEMBER. 2021.

JACK ERIC JONES

MR. JACK ERIC JONES,#476651
DORSEY RUN CORR. FACILITY
2020 TOULSON ROAD
JESSUP, MARYLAND 20794


ATTN: CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
101 W. LOMBARD STREET
BALTIMORE, MD 21201-2691          DATE:


RE: 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
    WITH A JURY DEMAND


Dear Madam or Sir  ;

    Please find enclosed a Civil Rights Complaint and
Motion For Waiver of Costs. I have also enclosed the
materials  I believe are necessary for processing this
complaint.


    When the case is p½rocessed, please notify me of
the Case Number for my reference.




                    Respectfully submitted;

                    JACK ERIC JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


JACK ERIC JONES,

      Plaintiff           ]

v.
                      ]

                              CIVIL ACTION No._____
NEFTAL ARGUELA,
DETECTIVE J. PÉREZ,
DETECTIVE J, CHINCHILLA,  ]
GLENARDEN POLICE DEPT.      DATE: _6·18·23_____
P.G. CO.  POLICE DEPT.

      Respondents      ]


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .


## CIVIL RIGHTS COMPLAINT WITH A JURY DENAND

Now  comes Jack ERIC JONES, pro se and pursuant to 42
U.S.C. §1983, claiming constitutional violations of his
Fourth, Fifth, Eighth and Fourteenth Amendment rights,
by Defendants under color of law, and in their official
and individual capacities causing Plaintiff to seek
**1.5 million dollars in compensatory damages** and also
**injunctive relief with a jury demand** and states;

1. <u>PARTIES :</u>

### PLAINTIFF

Mr. Jack Eric Jones,#476651 is currently confined at the
Dorsey Run Corr. Facility, 2020 Toulson Road, Jessup, MD
20794;

1. <u>PARTIES:</u>        <u>DEFENDANTS:</u>

MR. NEFTAL ARGUELA-  7919 DELLWOOD AVEBUE, GLENARDEN
                     MARYLAND  20706;

DETECTIVE J. PEREZ- #9348- GLENARDEN POLICE STATION
                    8600 GLENARDEN PARKWAY
                    GLENARDEN, MD 20706;

DETECTIVE J. CHINCHILLA-#2845 WAS A CPL. WITH THE
                     P.G. COUNTY POLICE DEPT.,  7600
                     BARLOWE ROAD, LANDOVER, MD 20785;

GLENARDEN POLICE DEPT.-8600 GLENARDEN PARKWAY, GLENARDE
                     PARKWAY, GLENARDEN, MD  20623;

PRINCE GEORGE'S COUNTY POLICE DEPT., 7600  BARLOWE
                     ROAD, LANDOVER, MD 20785;

2.   <u>JURISDICTION AND VENUE :</u>

<u>The C</u>ourt has jurisdiction over the Plaintiff's claims
of his rights protected by the Federal Constitution
are further protected  by 42 U.S.C. §§1331 and  1343;
The United States District Court has supplemental
Jurisdiction over the Plaintiff's State Law Tort claims
under 28 U.S.C. § 1367. Plaintiff files this federal
court complaint in the correct judicial district, or
venue, and is proper because (i) It is filed in  the
judicial District where I  reside; (ii) The action is
filed where the events give rise to the claim; (iii)
there is no other judicial district where the  claim
can otherwise be brought; <u>See</u> 28 U.S.C. §1391(b). The
provisions apply where suits against the local prison
officials are persons sued in their individual and/or
official capacitie

-2-

3.  Plaintiff  never filed any other case in State or Federal Court dealing with the same issues  or the same defendants;

4.  <u>STATEMENT OF CLAIMS</u>

<u>4.(a)</u>   Ofc. Perez intentionally falsified an "Application for Search Warrant" before Hon. Judge Pearson;

4.(b)   Judge Pearson "rubber-stamped" the Application without probable cause, permitting my vehicle to be seized;

4.(c)   Petitioner's vehicle had no core-nexus to the perpetrator's vehicle;

4.(d)   Upon my release on bail, I tried to get my vehicle yet was refused;

4.(e)   I was arrested on another charge, with no bail and despite my  truck not being connected to the crime, the vehicle was refused to be returned;

4(f)   Police knew the assault did not happen in or near the truck, and the truck was not part of the crime

4(g)   The vehicle was sold without my consent, and w/o ever having the chance to pay fees and to get it;

4.(h)   Police found no evidence in the vehicle, failed to ever justify the warrant, the place to be searched, or why the listed items were suspected to be found;

4.(i)   The HArley Davidson F-150 was valued at $100.000.00;

4.(j)   I was deprived Compulsory Process to present favorable evidence  because the police caused the vehicle to be sold in violation of law;

4.(k)   Defendants provided knowingly false information to the trial court that video evidence clearly showed me in the crime, which later was false;

4.(l)   I was deprived of my FourthAmendment property rights;

4.(m)   Defendants acted in bad faith by knowingly swearing to knowingly false facts;

4(n) In bad faith on part of defendants, favorable evidence was suppressed, which would have a impact on the outcome of the case;

4(o) Plaintiff's arrest on another charge exascerbated the problem by leaving the vehicle in custody of the impound lot, and the authority of the police;

4(p) Plaintiff's vehicle was sold or auctioned without notice to Plaintiff by police, the court, the impound lot, or any other party;

4.(q) When defendants swore under penalties of perjury that video evidence clearly implicated Plaintiff in the crime, and by looking at the video they the affiants "KNEW" that claim was false, when the falsehood was shown to be blatantly false-they were liable for damages for violating my constitutional rights;

4.(r) The court contributed to the constitutional violations when knowing the assault had no type of connection to the truck, and also by knowing the truck had no connection to the crime, there was no legal basis to grant the police the opportunity to  seize the vehicle without probable cause.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*          \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*          \*\*\*\*\*\*\*\*\*\*\*\*

(CONTINUED\*\*\*)

-4-

4 (s) The police violated Plaintiff's constitutional rights, when in bad faith, police suppressed favorable evidence, which even the State failed to learn of it, and the defense was not given notice;

4 (t) Bad Faith is shown where exculpatory and impeachment evidence was suppressed as prohibited in BRADY and GIGLIO;

4 (u) Even when one officer withholds exculpatory evidence, relief is warranted.

4 (v) Defendants violated Plaintiff's Fourth Amendment rights;

4 (w) Defendants violated Plaintiff's due process rights under the 5th and 14th amendments;

4 (x) Defendants violated Plaintiff's 6th and 14th amendment rights;

4 (y) Plaintiff and his friend got into a disagreement, and upon backing up against the wall, Plaintiff felt threatened, and slapped his friend. The slap cost 25 years;

4 (z) Police claimed Plaintiff had a shotgun, which was never found, and the judge provided the video was "inconclusive" in that the court could not say he saw Plaintiff carrying a shotgun;

4 (aa) While police submitted knowingly false claims, under oath after the swearing and bad faith action, the video showed Plaintiff with a walking case, not a shotgun.

4 (ab) Defendant's malicious action was buttressed by the court signing all requests to search, (even without probable cause), and the court set no bond, to prevent Plaintiff's release.

4 (ac) Police defendants that knowingly and intelligently submitted false information to secure a warrant– acted in bad faith;

4 (ad) The bad faith actions of police caused mental anguish, fright, shock, embarassment, humiliation and other psychological damages;

4 (ae) Damages included embarassment and humiliation from the neighbors harassing the family, and neighbors judging plaintiff's guilt or innocence, and was so much of a problem that Plaintiff's family had to move from the entire area;

4 (af) Damages resulted and injuries proximately resulted from the defendant's conduct.

4 (ag) Defendants acted intentionally and purposefully to deprive the Plaintiff of his rights;

4 (ah) Defendants acted with reckless disregard to Plaintiff's rights;

4(ai) Defendants acted with callous disregard and indifference to Plaintiff's rights to his property, and to the right to present exculpatory evidence;

4(aj) Police defendants abused their official power, causing property losses, and crippling Plaintiff's defenses to the criminal charges;

4(ak) The judge rubber-stamped a warrant without any probable cause found within the application, or elsewhere;

4(al) Police failed to connect the dots with regard to the warrant pertaining to the truck, because the only evidence available to defendants was a second degree assault;

4(am) Police maliciously added "yeast" to knowingly false claims in support;

4(an) Police intentionally ordered evidence destroyed which was exculpatory in nature;

4(ao) Judge Pearson acted in bad faith by accepting an Application for a Warrant that lacked probable cause and blindly rubber-stamping the approval;

4(ap) Ofc. Perez acted in bad faith when intentionally submitting knowingly false averments to the court for an arrest warrant. For example, the officer claimed camera footage depicted Plaintiff holding or pointing a shotgun, that when the court reviewed the footage-the false claims turned out false;

4(aq) Perez's actions directly contributed to the loss of property, and loss of his freedom and liberty;

4(ar) The loss of freedom and liberty based upon th bad faith of the parties is cause for relief under §1983;

4(as) Perez's intentional falsification of claims made under oath was more than perjury, because Perez knew the incident involved one person being slapped, and no gun was used. Reliance upon a gun elevated the charged crime to first degree assault, upon which it would be harder to get out of prison on bond, and a warrant for the non-existent gun, and "ghost" evidence- would further depirve the Plaintiff of his rights.

4(at) The inconclusive finding  of no gun on video was Case #CT-190-163X;

4 (au) Since no assault occurred within the Plaintiff's vehicle, there was no core-nexus to the alleged crime and the vehicle, no probable cause existed to seize the vehicle, no probable cause existed to seize the vehicle, and keep it for the length of time it was kept;

4 (av) The court abused it's discretion and acted in bad faith when allowing the police to withhold events and facts or allegations which police would swear to without any support;

4 (aw) All defendants are sued in their individual and official capacities;

4 (ax) Plaintiff's due process rights were violated through the abuse and actions taken to punish, and in total disregard of the law or the Plaintiff's constitutional rights;

4 (ay) Defendants violated the Fourth, Fifth, Sixth, Eighth and fourteenth Amendments to the United States Constitution.

4.(az) Plaintiff worked at Andrews Air Force Base, because I was convicted of a felony. I lost not only wages, but a good job which I was working on. The damages that resulted were (1) that I could not hire counsel to represent me in my case. The reason I could not hire the an attorney, was because I was held without bond for a shotgun that was never found.

4.(aaa) As a result of 6.(az), Plaintiff lost his vehicle, costing approx. $100,000.00, lost his job, defamed Plaintiff's character, and impacted his freedom and liberty, all protected by the U.S. Constitution.

4.(aab) Plaintiff couldn't hire an attorney because Plaintiff was held without bond for a relatively minor misdemeanor. Plaintiff was held, without bail for a shotgun never proven to exist, and was never found at all.

4.(aac) Plaintiff had a claim in court concerning his back, disability and was scheduled for settlement proceedings, which had to be postponed for several years.

4.(aad) Plaintiff suffered other mental, emotional, monetary and other damages, which were a direct result of gross-negligence and bad faith actions of defendants.

4.(aae) Plaintiff was denied access to drug treatment because of defendants;

4.(aaf) The police stations sued have policy problems suitable for injunctive relief;

4.(aag) Plaintiff lost $30,000 in a Mink Coat-provided to the Bailbondsman and never returned as a collateral results of defendasnt's unconstitutional violations;

4.(aah) Mr. Neftal Arguela knowingly and intelligently provided false information with the malicious intent against the Plaintiff because of Arguela's hatred for Black Americans;

4.(aai) Mr. Arguela later admitted to have intentionally lied to police because of his hatred of niggers;

4.(aaj) Arguela made mention of support for his spanish policemen, and commented on the ethnicity of the neighborhood, i.e. having too many Blacks in it;

4/(aak) Defendants deviated from policy, regulations and the property rights when instigating, encouraging that Plaintiff's truck be sold or destroyed;

4.(aal) Both police agencies are attacked for policies surrounding the  resolution of seized property, along with the callous disregard for Plaintiff's property rights;

<u>RELIEF SOUGHT</u>

--

-8-

7

<u>RELIEF SOUGHT</u>

As relief, Plaintiff seeks $1.5 Million in compensatory damages jointly and severally for emotional, mental nad psychological injuries sustained as a result of defendant's conduct initiated in bad faith; that compensatory damages include compensation for incarceration by defendants, and losses of property, -AND- that injunctive relief be awarded against the police stations based upon antiquated policy that permits the constitutional violations to flourish.

Respectfully submitted ;

JACK JONES, #476-651
R.C.I.

18701 ROXBURY ROAD,
HAGERSTOWN, MD 21746

-⊗-

FOOTNOTE **1

## CLAIMS, CONT

(aam) Plaintiff owned a power washer;

(aan) The power washer was on the back of Plaintiff's truck.

(aao) The power washer had a 30-gallon tank;

(aap) The power washer was lost, destroyed, sold, etc., due to the deliberate action of the defendants as it related to the truck,

(aaq) The property rights under the Fourth amendment apply both to the truck and its contents.

(aar) The blatant disregard for Plaintiff's truck directly impacted the contents opf the truck.

(aas) Plaintiff seeks full compensatory damages for the loss of his property

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that copies of the 42 U.S.C. §1983 were mailed to:  Det. Perez at 8600 Glenarden Parkway, Glenarden MD 20623;

Det. Chinchilla at: P.G. Co. Police Dept., 7600 Barlowe Rd., Landover, MD  20785;

Neftal Arguela at: 7919 Dellwood Avenue, Glenarden Woods, MD 20706;

Glenarden Police Department 8600 Glenarden Parkway Glenarden, MD 20623;

P.G. COUNTY POLICE DEPT.- 7600 BARLOWE ROAD LANDOVER. MD 20785

<u>I CERTIFY</u> THAT THE DEFENDANTS WERE ALL MAILED THESE PLEADINGS THE 8TH DAY OF DECEMBER. 2021.

JACK/ERIC JONES

-11-

MR. JACK ERIC JONES,#476651
DORSEY RUN CORR. FACILITY
2020 TOULSON ROAD
JESSUP, MARYLAND 20794


ATTN: CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
101 W. LOMBARD STREET
BALTIMORE, MD 21201-2691          DATE:


RE: 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
    WITH A JURY DEMAND


Dear Madam or Sir  ;

    Please find enclosed a Civil Rights Complaint and
Motion For Waiver of Costs. I have also enclosed the
materials  I believe are necessary for processing this
complaint.


    When the case is p½rocessed, please notify me of
the Case Number for my reference.




                    Respectfully submitted;

                    _Jack Eric Jones_
                    JACK ERIC JONES