IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JACK ERIC JONES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-23-1706 |
| NEFTAL ARGUELA, DETECTIVE J. PEREZ, DETECTIVE J. CHINCHILLA, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Defendant Detective Jose Perez filed a Motion for Summary Judgment on July 31, 2023, in response to this civil rights complaint filed pursuant to 42 U.S.C. § 1983 on June 22, 2023. ECF No. 6. Self-represented Plaintiff Jack Eric Jones, an inmate confined to the Dorsey Run Correctional Facility, has opposed the motion. ECF No. 8. There is no need for a hearing. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant Perez's motion will be granted and the claims as to Defendants Neftal Arguela and Detective Chinchilla will be dismissed.[1]

### BACKGROUND

**A.   Complaint Allegations**

Mr. Jones asserts that Detective Perez intentionally falsified an application for a search warrant which was then issued by Judge Pearson and resulted in the seizure of his Harley Davidson F-150 truck valued at $100,000. ECF No. 1 at 14. Although Mr. Jones was released on bail and

---

[1] Also pending in this case is Mr. Jones' motion to proceed *in forma pauperis*. ECF No. 2. This court directed the prison finance officer to file an account statement indicating the average deposits and average balance for Mr. Jones' account so that an initial partial fee could be assessed. ECF No. 4. That statement was never received; therefore, the motion will be granted.

attempted to get his truck back, his request was refused. *Id*. He claims that the truck was sold without his consent and without first providing him an opportunity to pay the fees to secure its return. *Id*. He complains that no evidence was found in his truck and that police failed ever to justify the warrant issued for the truck. *Id*.

Mr. Jones additionally alleges that favorable evidence, which he does not describe, was suppressed by the police. ECF No. 1 at 15-16, 17. According to Mr. Jones, there was a video recording which the police alleged showed him brandishing a shotgun, but the judge later found the video was inconclusive because he could not see Mr. Jones carrying a shotgun on the video. ECF No. 1 at 14-17.

Mr. Jones alleges that Defendant Perez intentionally and knowingly gave false evidence to the court so that an arrest warrant would be issued. ECF No. 1 at 17. In his view, Mr. Jones believes that the false information provided by Defendant Perez "was more than perjury" because he "knew the incident involved one person being slapped, and no gun was used." *Id*. Because an allegation that Mr. Jones had a gun was relied upon to obtain a warrant for his arrest, the charges against Mr. Jones were elevated to first-degree assault making it more difficult for Mr. Jones to be released on bond. *Id*.

Mr. Jones concludes that his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments were violated. ECF No. 1 at 18. He states that he lost his job which meant he could not hire an attorney, he lost his truck worth $100,000 as well as a $30,000 mink coat he used to post bail, and he suffered emotional damages as a result of his arrest. *Id*. As relief, he seeks 1.5 million dollars in damages and an injunction "against the police stations based upon antiquated policy that permits the constitutional violations to flourish." *Id*. at 20.

B.      **Defendant Perez's Response**

In his affidavit, Officer Perez explains that on December 30, 2018, at approximately 9:23 p.m., he was flagged down by Defendant Neftal Argueta while operating a marked police car. ECF No. 6-2 at 2, ¶ 3. Mr. Argueta told Officer Perez that Jack Eric Jones, who was his neighbor, "was walking around with a shotgun." *Id*. Officer Perez and another police officer began canvassing the area for Mr. Jones, who was located standing outside of his residence. *Id*. at ¶ 4.

After locating Mr. Jones, another witness, Jose Alexander Gutierrez-Calzada, approached Officer Perez and told him that Mr. Jones had pointed the shotgun at him and his children. ECF No. 6-2 at 2, 4. Officer Perez reviewed surveillance video that confirmed Mr. Gutierrez-Calzada's statement and on January 2, 2019, applied for and obtained a warrant for Mr. Jones's arrest. *Id*. at 3, ¶ 5, *see also* ECF No. 6-2 at 5-8 (arrest warrant). On the same date, Officer Perez also applied for and obtained a search warrant from the Circuit Court for Prince George's County for Mr. Jones's residence. *Id*. at ¶ 6, *see also* ECF No. 6-2 at 9-16 (search warrant).

As a result of the events occurring on December 30, 2018, Mr. Jones was indicted on February 12, 2019. ECF No. 6-2 at 3, ¶ 7, *see also State of Md. v. Jones*, Crim. Case CT-19-0163X (Prince George's Cty. Cir. Ct.). He appeared in the Circuit Court for Prince George's County on August 19, 2019, and entered an *Alford* plea. *Id*. Mr. Jones was sentenced to 10 years, with 8 years suspended followed by 5 years of probation. *Id*. Officer Perez states that he did not participate in towing Mr. Jones's truck and that he believes the truck may have been towed by Prince George's County Police as part of a separate homicide investigation. ECF No. 6-2 at 3, ¶ 8.

Officer Perez asserts that he is entitled to summary judgment in his favor because the claim is barred by the statute of limitations and by the holding in *Heck v. Humphrey*, 512 U.S. 477, 487

3

(1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed).  He additionally alleges that he is entitled to judgment in his favor because he was not involved in the towing of Mr. Jones' car.

## STANDARD OF REVIEW

Defendant Perez has moved for summary judgment in his favor.  Summary judgment is governed by Fed. R. Civ. Proc. 56(a) which provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added).  "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)).  "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original).  The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015).  At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## DISCUSSION

A.   **Statute of Limitations**

"Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: it is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts & Jud. Proc. Code § 5-101.

The question of when a cause of action has accrued under § 1983 is a federal question. *See Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id*. Under the prison mailbox rule, an action under § 1983 is commenced for the purpose of meeting the statute of limitations when the complaint is delivered to prison staff for mailing and is no longer under the plaintiff's dominion and control. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Lewis v. Richmond City Police Dept.*, 947 F.2d 733 (4th Cir. 1991).

Mr. Jones does not dispute that he filed his complaint outside of the three-year limitations period. ECF No. 8 at 4-5. He claims, however, that he was never notified about the status of his seized property. *Id*. This assertion is belied by the allegations in the complaint where Mr. Jones states he tried to get his truck back when he was released on bail after his first arrest; and, after he was arrested on another charge, he was again refused the return of his truck. ECF No. 1 at 14, ¶¶ 4(d)-4(g). He carefully avoids including dates anywhere in his complaint and does so again in his

5

opposition response.  Mr. Jones also does not dispute the assertion that the statute of limitations began to run, at the latest, on August 19, 2019, as alleged by Defendant Perez.

Mr. Jones argues that he should be entitled to equitable tolling of the statute of limitations because of his incarceration.  The three-year statute of limitations may be tolled for equitable reasons, but only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc), citing *Harris v. Hutcherson*, 209 F.3d 325, 330 (4th Cir. 2000).  Equitable tolling is unavailable to a plaintiff who has not been diligent in protecting his or her rights; rather, the plaintiff must establish that he or she has been prevented from asserting those rights.  *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 555 (1974).  Under Maryland law, the statute of limitations is strictly construed.  "Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'"  *Hecht v. Resolution Trust Corp.*, 333 Md. 324, 333 (1994), quoting *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 623 (1985).  Incarceration is not a basis for tolling the statute of limitations.  The claims against Defendant Perez are therefore barred by the statute of limitations; and summary judgment will be granted in his favor.

**B.      28 U.S.C. § 1915 screening**

There are two remaining defendants who have not been served with the complaint, Neftal Arguela (or Argueta) and Detective J. Chinchilla.  Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the court to conduct an initial screening of this complaint.  The court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721

6

(2020).  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy the basic pleading requirements of Fed. R. Civ. P. 8.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  For the reasons stated herein, the complaint must be dismissed at to Defendants Neftal Arguela and Detective Chinchilla.

    **1.**    **State Actor**

At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law.  *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014).  Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Essential to sustaining an action under § 1983 are the presence of two elements.  Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Mr. Jones's claim against Defendant Neftal Arguela does not include any factual basis for finding that Mr. Arguela was acting under color of law when he reported Mr. Jones to the police for walking around the neighborhood with a shotgun.  *See* ECF No. 1 at 19 (alleging Mr. Arguela "knowingly and intelligently provided false information" against Mr. Jones because of his "hatred

for Black Americans."), *see also* ECF No. 6-2 at 2, ¶ 3 (declaration of Jose Perez).  Mr. Jones does not allege that Mr. Arguela was an agent of the police or was in anyway acting on behalf of the State.  Therefore, the complaint fails to state a claim against Mr. Arguela and must be dismissed.

### 2. Personal Participation

Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation.  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  Other than being named in the caption of the complaint, Detective Chinchilla is not mentioned anywhere in the factual allegations of the complaint.  The complaint therefore must be dismissed as to Detective Chinchilla for failure to state a claim.

### CONCLUSION

By separate Order which follows, summary judgment will be granted in favor of Defendant Jose Perez, the complaint will be dismissed as to the remaining defendants, and the case shall be closed.


November 15, 2023                                              /s/
                                                      DEBORAH K. CHASANOW
                                                      United States District Judge